**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J.O. a minor, by JEROME and DENISE OVERSTREET, next best friends,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PHOENIX, et al.,<br><br>Defendants. | No. CIV 12-0125 PHX DGC<br><br>**ORDER** |

Defendant City of Phoenix ("City") filed a motion for judgment on the pleadings on November 9, 2012, with regard to Plaintiff's first, third, fourth, seventh, eighth, and ninth claims for relief. Doc. 48. Plaintiff filed a response and motion to file an amended complaint on November 26, 2012. Doc. 51. Defendants oppose any amendment. Docs. 52-53. No party has requested oral argument. For the reasons stated below, the Court will grant in part Defendants' motions, and deny Plaintiff's motion.

**I.    Background.**

This case arises from a January 19, 2011 altercation between Plaintiff, school security guards, and City of Phoenix Police Officer George Pizarro at Betty Fairfax High School in Laveen, Arizona. Doc. 1 at 4. Plaintiff alleges that he sustained injuries from the altercation, including cuts/abrasions to his wrist, and a fractured left arm. *Id.* at 13. On January 19, 2012, Plaintiff filed the present 42 U.S.C. § 1983 complaint. Plaintiff seeks relief based on nine separate causes of action: (1) violation of constitutional right to be free from unreasonable seizure and excessive force; (2) equal protection; (3)

substantive due process; (4) violation of constitutional right against false arrest/false imprisonment; (5) assault; (6) battery; (7) negligent hiring, retention, and supervision; (8) defamation and false light; and (9) intentional infliction of emotional distress. Doc. 1. Plaintiff's second (equal protection) claim for relief was dismissed with prejudice pursuant to a stipulation for partial dismissal on July 9, 2012. Doc. 39.

The parties attended a Rule 26 conference on July 18, 2012. Doc. 42. During that hearing, the City discussed its anticipated motion for judgment on the pleadings as well as an anticipated motion for summary judgment on all remaining claims against Officer Pizarro. *Id.* at 4. On July 23, 2012, this Court entered a case management order that gave the parties until September 21, 2012 to join parties, amend pleadings, or file supplemental pleadings. Doc. 45 at 1. The parties were specifically informed that the Court would not, absent truly unusual circumstances, extend the schedule in this case. *Id.* at 5. Plaintiff substituted counsel on July 31, 2012. Doc. 46. Plaintiff's new counsel made no attempt to amend the initial pleadings until after the City filed its motion for judgment, a date well beyond that specified in the case management order. Doc. 51.

## II. Legal Standard.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10–04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Twombly*, 550 U.S. at 555. Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.   Analysis.**

    **A.   Plaintiff's Third, Seventh, Eighth, and Ninth Claims for Relief.**

Plaintiff's allegations in these claims for relief each rely on the City being "responsible for the policies and procedures of the [Phoenix Union High School] District and Betty Fairfax High School . . . ." Doc. 1 at 2. Plaintiff does not, and cannot, point to any authority to support this conclusory statement. Indeed, as the City correctly notes, a school district is "a political subdivision of this state with geographic boundaries organized for the purpose of the administration, support and maintenance of the public schools or an accommodation school." A.R.S. § 15-101(21); Doc. 48 at 3. Thus, districts and schools operate independently of municipalities in Arizona, and the City cannot be responsible for such policies and procedures.

Plaintiff has failed to assert any factual or legal basis under which the City is liable for the actions of the school district or high school, and such claims appear to be barred as a matter of law. Accordingly, the Court will grant the City's motion for judgment on the claims above.

    **B.   Plaintiff's First and Fourth Claims for Relief.**

The City first argues that claims one and four against Officer Pizarro must be dismissed for lack of service. Under Rule 12(b)(5), a defendant may move to dismiss an action if service of process is insufficient. Fed. R. Civ. P. 12(b)(5); *accord Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988) ("[a] federal court does not have jurisdiction over a defendant unless the defendant has been

1  served properly under Fed. R. Civ. P. 4"). Rule 4(m) provides that if a defendant is not
2  served within 120 days after a complaint is filed, the court "must dismiss the action
3  without prejudice" or "order service be made within a specified date." This Court
4  granted an extension of the 120 day rule when it ordered that Officer Pizarro be served by
5  July 30, 2012. Doc. 34. Because Plaintiff has not provided evidence showing that
6  Officer Pizarro was ever served, all claims against him in this matter are dismissed
7  without prejudice.

The City next argues that it is entitled to judgment on Plaintiff's first and fourth claims because Plaintiff failed to establish municipal liability pursuant to *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 698 (1978). Doc. 48 at 5. "Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). "Instead, plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" *Id.* (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

The City argues that Plaintiff's allegations are insufficient to survive a motion to dismiss. The Ninth Circuit has adopted the following pleading standards for *Monell* claims:

> First, to be entitled to the presumption of truth, allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*A.E. ex rel. Hernandez*, 666 F.3d at 637. (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

Plaintiff's claims fall short. Claims one and four do not allege that any deliberate

policy, custom, or practice was the moving force behind Officer Pizarro's conduct during the arrest. Indeed, Plaintiff merely alleges the City should be liable for "authorizing and acquiescing to, ratifying/and or participating in [the conduct leading to Plaintiff's alleged injuries]." Doc. 1 at 10, 12. Such allegations are not sufficient "to give fair notice and enable the opposing party to defend itself effectively." To the extent that Plaintiff's allegations against The City do not satisfy Rule 8(a) of the Federal Rules of Civil Procedure, they have not pled facts sufficient to state a claim, and therefore will be dismissed without prejudice.

### C. Plaintiff's Motion to File an Amended Complaint.

As noted above, Plaintiff's motion to amend was filed well after the deadline set in the Court's case management order. To obtain leave to amend, therefore, Plaintiff must show "good cause" under Rule 16(b)(4) of the Federal Rules of Civil Procedure. The good cause standard considers the diligence of the party seeking to extend a litigation deadline. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff not only fails to address the good cause standard, he also fails to show that he could not have sought leave to amend within the Court's schedule through reasonable diligence. The motion to amend will therefore be denied.

In addition, a party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added. LRCiv 15.1. Plaintiff failed to attach a copy of his proposed amended complaint, and therefore his motion to amend is denied for this reason as well.

**IT IS HEREBY ORDERED:**

1. Defendant City's motion for judgment on the pleadings on Plaintiff's third, seventh, eighth, and ninth claims for relief (Doc. 48) is **granted**.

2. Defendant Pizarro is **dismissed** without prejudice.

3. Plaintiff's claims against Defendant City in count one and four are **dismissed**

without prejudice.

4.  Plaintiff's motion to file an amended complaint (Doc. 51) is **denied.**

Dated this 19th day of February, 2013.

*[Signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge