**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jabari Overstreet, | No. CV-12-125-PHX-SMM |
| Plaintiff, | |
| v. | **MEMORANDUM OF DECISION AND ORDER** |
| City of Phoenix et al., | |
| Defendants. | |

Before the Court is Defendants Phoenix Union High School District's, Luis Lemus', Craig Pletenik's and Lee Fernwault's (the "District" Defendants) Motion for Summary Judgment. (Doc. 70.) For the reasons that follow, the District Defendants' motion is granted in part, denied in part, and the case is dismissed.[1]

## BACKGROUND

This case arises from a January 19, 2011, altercation between Plaintiff Jabari Overstreet, school security guards, and City of Phoenix Police Officer George Pizarro. (Doc. 1.) On January 19, 2012, Plaintiff's parents[2] filed the instant 42 U.S.C. § 1983 action against the City of Phoenix, the Phoenix Union High School District, Daniel Mendez, Luis Lemus, George Pizarro, Craig Pletnik, and Lee Fernwault. (Id.) The complaint sought relief on three

---

[1] The District Defendants' request for oral argument is denied. There was an adequate opportunity to present written argument, and oral argument will not aid the Court's decision. LRCiv. 7.2(f); Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998).

[2] Jabari Overstreet was a minor at the time of filing, but was substituted as Plaintiff in place of his parents once he reached the age of majority. (Doc. 78.)

1  § 1983 causes of action and six state-law causes of action: (1) unreasonable search and
2  seizure and excessive force; (2) equal protection; (3) substantive due process; (4) false
3  arrest/imprisonment; (5) assault; (6) battery; (7) negligent hiring, retention, and supervision;
4  (8) defamation and false light; and (9) intentional infliction of emotional distress. (Id. at 9-
5  16.) Count 2 was dismissed with prejudice pursuant to stipulation (Doc. 39), and Count 3 was
6  dismissed with prejudice upon the District Defendants' unanswered motion (Doc. 62).

7        Judge Campbell entered an Order granting the City of Phoenix judgment on the
8  pleadings regarding Counts 3, 7, 8, and 9; dismissing Officer Pizarro without prejudice; and
9  dismissing the City of Phoenix from Counts 1 and 4. (Doc. 63.) The parties subsequently
10 stipulated to dismissing the City of Phoenix and Officer Pizarro from the action with
11 prejudice. (Doc. 68.) Thereafter, Plaintiff served his initial disclosure on the day discovery
12 closed. (Docs. 45; 69.)

13       The District Defendants' present motion for summary judgment seeks: dismissal of
14 the entire case pursuant to Federal Rule of Civil Procedure 41(b); dismissal of Defendant
15 Daniel Mendez for lack of service; dismissal of the Phoenix Union High School District from
16 Counts 1 and 4 for legal insufficiency; and dismissal of Count 8 for legal insufficiency. (Doc.
17 70.) Plaintiff's response opposed dismissal under Rule 41(b), but consented to dismissal of
18 Defendant Mendez and also consented to dismissal of Counts 1 and 8. (Doc. 75 at 4-5.) The
19 District Defendants' reply reiterated their earlier arguments, but also noted that with the
20 dismissal of Count 1, all the federal causes of action have been dismissed. (Doc. 77 at 3-4.)

21                             **LEGAL STANDARDS**

22       "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co.
23 of Am., 511 U.S. 375, 377 (1994). "The district courts may decline to exercise supplemental
24 jurisdiction [if] . . . the district court has dismissed all claims over which it has original
25 jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "A district court's decision whether to exercise
26 [supplemental] jurisdiction after dismissing every claim over which it had original
27 jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639
28 (2009). This discretion is guided by "considerations of judicial economy, convenience and

1  fairness to litigants." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
2  "In the usual case in which all federal-law claims are eliminated before trial, the balance of
3  factors to be considered under the pendent jurisdiction doctrine—judicial economy,
4  convenience, fairness, and comity—will point toward declining to exercise jurisdiction over
5  the remaining state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir.
6  2010) (alteration omitted) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7
7  (1988), superseded on other grounds by statute as recognized in Baker v. Kingsley, 387 F.3d
8  649, 654 n.1 (7th Cir. 2004)).

9   There is a two-year statute of limitations on tort actions. Ariz. Rev. Stat. ("A.R.S.")
10 § 12-542. However, if an action is timely commenced but "is terminated in any manner other
11 than . . . a final judgment on the merits, the plaintiff . . may commence a new action for the
12 same cause after the expiration of the time so limited and within six months after such
13 termination." Id. § 12-504. Arizona's savings statute "provid[es] automatic relief" if a timely,
14 diligently prosecuted, and otherwise proper action is dismissed involuntarily for reasons
15 unrelated to the merits of the plaintiff's claims. Jepson v. New, 164 Ariz. 265, 271, 792 P.2d
16 728, 734 (1990).

**DISCUSSION**

18  The Court's subject matter jurisdiction over this action arises from the federal
19 questions presented in Counts 1-3. See 28 U.S.C. §§ 1331, 1343(a)(3); 42 U.S.C. § 1983.
20 Counts 2 and 3 have already been dismissed. (Docs. 39, 62.) Now, the District Defendants
21 move the Court to, inter alia, dismiss all remaining claims with prejudice (Doc. 70); Plaintiff
22 actually requests the Court grant the District Defendants' motion as to his remaining § 1983
23 claim in Count 1 (Doc. 75 at 4-5). Although the complaint is unclear as to which Defendants
24 Count 1 pertained, Plaintiff unequivocally states that Count 1 is not one of his remaining
25 claims for relief. (Id. at 5.) Consequently, the Court dismisses Count 1 with prejudice.

26  Considerations of judicial economy and convenience militate against the exercise of
27 supplemental jurisdiction, especially given Plaintiff's inability to serve the most important
28 Defendant, Daniel Mendez. Fairness in this case turns on whether Plaintiff will be denied an

adjudication on the merits of his remaining claims. Even though the limitations period has run on Plaintiff's state-law claims, he will be able to reinstate those claims in state court if the action is dismissed involuntarily for reasons—other than abatement or lack of prosecution—unrelated to its merits. See Janson ex rel. Janson v. Christensen, 167 Ariz. 470, 472-74, 808 P.2d 1222, 1224-26 (1991) (quoting Gaines v. City of New York, 215 N.Y. 533, 539, 109 N.E. 594, 596 (1915) (Cardozo, J.)) ("[T]he saving statute's 'broad and liberal purpose is not to be frittered away by any narrow construction.' "); Templer v. Zele, 166 Ariz. 390, 391, 803 P.2d 111, 112 (App. 1990) (holding A.R.S. § 12-504 applies to actions commenced outside of Arizona). As a result, Plaintiff will not be denied an adjudication on the merits of his remaining state-law claims if the Court declines to exercise supplemental jurisdiction over those claims. Therefore, dismissal is not unfair to Plaintiff and "the balance of factors does not tip in favor of retaining the state-law claims." Sanford, 625 F.3d at 561. The Court declines to exercise supplemental jurisdiction and dismisses Plaintiff's state-law claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED granting in part** the District Defendants' Motion for Summary Judgment solely on the dismissal with prejudice of Count 1. (Doc. 70.)

**IT IS FURTHER ORDERED dismissing without prejudice** all remaining claims against all remaining Defendants pursuant to the Court's discretion to decline supplementary jurisdiction under 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED denying as moot** the District Defendants' Motion for Summary Judgment in all other regards.

**IT IS FURTHER ORDERED** that the Clerk shall terminate the case.

DATED this 11th day of March, 2014.

_____
Stephen M. McNamee
Senior United States District Judge